NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUOLI LIN, | No. 20-73827 |
| Petitioner, | BIA A205-181-646 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022 [**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[**] District Judge.

Guoli Lin, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing Lin's appeal of an order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

by an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Lin challenges the agency's adverse credibility finding and the determination that he failed to establish a probability of torture if removed to China. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a much different—and more compelling—story of persecution than the initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quotation marks and alteration omitted). Under the totality of the circumstances, *see Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc), this record supports the IJ's finding that Lin embellished his account of alleged past persecution with the addition of testimony on direct examination about being beaten with a baton and bleeding from his cheek. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011) (upholding adverse credibility determination based on omissions involving the applicant himself and where the omitted facts tended to embellish the applicant's claim); *see also Lai v. Holder*, 773 F.3d 966, 971–74 (9th Cir. 2014) (explaining that omissions are usually more significant if they are developed during direct examination, which gives the applicant and his attorney the opportunity to control the testimony). Thus, substantial evidence supports the adverse credibility

2

determination. *See Zamanov*, 649 F.3d at 973–74. In the absence of other evidence, Lin did not meet his burden of establishing eligibility for asylum, withholding of removal, or CAT protection. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010) (where petitioner is found not credible, the country condition reports and other evidence in the record must establish an individualized likelihood of torture).

**PETITION DENIED.**